UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No: 8:23-cv-591-KKM-UAM

IRA SHANDLES AND
ELIZABETH SHANDLES,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves for entry of final default judgment against Defendants Ira Shandles and Elizabeth Shandles pursuant to Federal Rule of Civil Procedure 55(b)(2). (Motion, Dkt. 16.) For the reasons that follow, the court recommends that the Motion be granted.

## BACKGROUND

On March 15, 2023, the United States of America filed this action against Defendants Ira and Elizabeth Shandles to reduce unpaid tax liabilities to judgment. (Dkt. 1.) The government alleges that both Defendants have an unpaid federal income tax liability for the 2011 tax year and that Defendant Ira Shandles has unpaid federal income tax liabilities for the 2012, 2013, 2014, 2015, 2016, 2017, and 2018 tax years. (Dkt. 1.) Defendant Elizabeth Shandles was served with the summons and complaint on May 22, 2023. (Dkt. 9.) Thereafter, Defendant Ira Shandles was served with the

summons and complaint on May 23, 2023. (Dkt. 8.) Defendants failed to timely appear in the action and respond to the complaint. As a result, a Clerk's default was entered against them on July 12, 2023. (Dkts. 13, 14.) The government requests entry of judgment in its favor for Defendants' unpaid tax liabilities, plus statutory interest. (Dkt. 16.) Neither Defendant has appeared to oppose the Motion.

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend a judgment for affirmative relief, the Clerk of Court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request supported by an affidavit showing the amount due, must enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a defendant who never appears or answers a complaint, "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, "before entering a default judgment for damages, the district court must

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis omitted). Therefore, in considering whether to enter default judgment, the court must first determine whether the complaint states a claim for relief. *GMAC Com. Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). In addition to the pleadings, the court may also consider evidence presented in support of the motion for default judgment, including affidavits. *Equal Emp. Opportunity Comm'n v. Titan Waste Servs. Inc.*, No. 3:10-cv-379-MCR-EMT, 2014 WL 931010, at *6 (N.D. Fla. Mar. 10, 2014); *Super Stop No. 701, Inc. v. BP Prod. N. Am. Inc.*, No. 08-61389-civ, 2009 WL 5068532, at *2 n.4 (S.D. Fla. Dec. 17, 2009) (noting that "unchallenged affidavits are routinely used to establish liability and damages" for default judgment); *see also Shandong Airlines Co., Ltd v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1207 (M.D. Fla. 2009) (relying on declaration and documentary evidence to support plaintiff's alleged damages on default).

## ANALYSIS

### A. Service of Process

To be entitled to a default judgment, a plaintiff bears the burden to establish proper service of the complaint on the defaulting party. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-Orl-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service). A district court may not enter default judgment against a defendant who was not properly served. *Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) ("Given the improper service, the Court lacked jurisdiction over the matter and could not render a default judgment or enter default."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982) (holding that default judgment entered against defendant who was not properly served is void); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Plaintiff therefore bears the burden to establish sufficient service of process on Defendants Ira and Elizabeth Shandles. Federal Rule of Civil Procedure 4(e)(1) allows for service of process on an individual pursuant to the law of the state where the district court is located or where service is made. Section 48.031 of the Florida Statutes, in turn, allows for service of process on an individual "by leaving [copies of the complaint

or other initial pleading or paper] at [the individual's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031.

The government filed an affidavit of service indicating that service was made on Ira Shandles at his residence on May 23, 2023, by leaving a copy of the summons and complaint with its exhibits with an adult who resides with Mr. Shandles at his residence. (Dkt. 8.)  The government also filed an affidavit of service on Elizabeth Shandles indicating that service was made on May 22, 2023, by leaving a copy of the summons and complaint with its exhibits with an adult who resides with Ms. Shandles at her residence. (Dkt. 9.)  The government also properly filed a declaration (Dkt. 16-2), which has not been rebutted, establishing that neither Defendant is in active duty with the United States military. *See Benson v. DeSantis*, No. 8:22-cv-1955-WFJ-MRM, 2022 WL 18927026 (M.D. Fla. Dec. 12, 2022) (explaining, to obtain default judgment, a plaintiff must file an affidavit pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit").  The court therefore finds that the government has properly effected service on both Defendants.

## B. Liability

Default judgment is proper only if the well-pleaded factual allegations in the complaint establish that plaintiff is entitled to the relief sought. *Tyco Fire & Sec. LLC*, 218 F. App'x at 863. "Before a taxpayer is subject to any tax liability, the Internal Revenue Service (IRS) must first determine that a tax deficiency exists." *United States*

*v. Navolio*, No. 6:06-cv-1461-Orl-19GJK, 2008 WL 2413956, at *2 (M.D. Fla. June 11, 2008). If the IRS determines there is a deficiency, it "'is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail,'" which is "a statutory prerequisite to a valid tax assessment." *Id.* at *3 (quoting 26 U.S.C. § 6212(a)). An "assessment" is made when the IRS "records the liability of the taxpayer in IRS files." *Id.* (quoting *Behren v. United States*, 82 F.3d 1017, 1018 n.1 (11th Cir. 1996)). "Unless a taxpayer shows that the IRS computed a tax assessment arbitrarily and without foundation, the IRS's calculation of the assessment is presumptively correct." *United States v. Rodriguez*, No. 6:17-cv-542-Orl-41GJK, 2018 WL 3489605, at *3 (M.D. Fla. May 3, 2018).

Here, the government has established Defendants' liability for unpaid income taxes for tax year 2011. The complaint, deemed admitted by Defendants' default, alleges that Defendants filed their joint federal income tax return for 2011, but they failed to pay the tax reported due in full. (Dkt. 1 ¶¶ 5–7.) A "delegate of the Secretary of the Treasury assessed against them the tax they reported, plus penalties and interest." (Dkt. 1 ¶ 7.) Additionally, the complaint alleges that Defendant Ira Shandles filed his individual federal income tax returns for 2012, 2013, 2014, 2015, 2016, 2017, and 2018, but he failed to pay the tax he reported due in full. (Dkt. 1 ¶ 16.) A "delegate of the Secretary of the Treasury assessed against Ira Shandles the tax he reported, plus penalties and interest." (Dkt. 1 ¶¶ 16–21.) The government "gave notice of the unpaid assessments" and "made demand for payment." (Dkt. 1 ¶¶ 16,

21.) Despite notice and demand, Defendant has not paid the amount due. (Dkt. 1 ¶ 22.)

Through the sworn declaration of IRS Officer Grace A. Duplessis (Dkt. 16-1), which Defendants have failed to rebut, the government has established that, as of August 10, 2023, Defendants Ira and Elizabeth Shandles owe $232,043.79 in federal income tax liabilities for the tax year 2011. Defendant Elizabeth Shandles filed her 2011 tax return jointly with her then-husband Defendant Ira Shandles. (Dkt. 1, ¶¶ 5-6.) Thus, Defendant Elizabeth Shandles owes the federal income tax liability for the tax year 2011 jointly and severally with Defendant Ira Shandles. *See Sleeth v. Comm'r Internal Rev.*, 991 F.3d 1201, 1205 (11th Cir. 2021) (citing 26 U.S.C. § 6013(d)(3) and explaining, "[s]ince 1938, the Internal Revenue Code has imposed 'joint and several' liability on married couples who file joint returns").

Additionally, IRS Officer Duplessis' sworn, unrebutted declaration establishes that, as of August 10, 2023, Defendant Ira Shandles owes the following in federal income tax liabilities: $410,082.68 for tax year 2012, $358,094.72 for tax year 2013, $98,445.90 for tax year 2014, $99,818.67 for tax year 2015, $23,733.04 for tax year 2016, $39,402.29 for tax year 2017, and $65,916.00 for tax year 2018, for a total of $1,095,493.30. *See United States v. Collazo*, No. 6:16-cv-339-Orl–41DAB, 2016 WL 6403830, at *2 (M.D. Fla. Aug. 4, 2016) ("A court may also rely on the sworn declaration of a revenue officer to conclude that a balance remains due on [tax] assessments.").

Accordingly, it is **RECOMMENDED** that:

1. The United States' Motion for Default Judgment (Dkt. 16) be **GRANTED**.

2. The Clerk be directed to enter judgment in favor of Plaintiff, the United States of America, and against Defendants Ira and Elizabeth Shandles jointly in the amount of $232,043.79, plus statutory interest pursuant to 26 U.S.C. §§ 6621, 6622 and 28 U.S.C. § 1961(c), accruing from August 10, 2023, until paid.

3. The Clerk be directed to enter judgment in favor of Plaintiff, the United States of America, and against Defendant Ira Shandles in the amount of $1,095,493.30, plus statutory interest pursuant to 26 U.S.C. §§ 6621, 6622 and 28 U.S.C. § 1961(c), accruing from August 10, 2023, until paid.

4. The Clerk be directed to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on September 18, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to

factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn K. Mizelle
Counsel of Record